**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Kevin L. McNulty, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 10 C 7576 |
| Creditors Financial Group, LLC, a New York limited liability company, | ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**CLASS ACTION COMPLAINT**

Plaintiff, Kevin L. McNulty, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that the form of Defendant's debt collection letter violates the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Kevin L. McNulty ("McNulty"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect a delinquent consumer debt that was owed originally to Citibank.

4. Defendant, Creditors Financial Group, LLC ("CFG"), is a New York limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, CFG was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Mr. McNulty.

5. Defendant CFG is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State attached as Exhibit A. In fact, CFG conducts business in Illinois.

6. Defendant CFG is licensed to act as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation attached as Exhibit B. In fact, CFG acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

7. At some time after Mr. McNulty's Citibank debt became delinquent, it was purchased by a bad debt buyer who then hired Defendant CFG to collect it. Accordingly, Defendant CFG then sent Mr. McNulty an initial form collection letter, dated August 23, 2010, which demanded payment of the Citibank debt from Mr. McNulty. This letter stated, in pertinent part, that the debt at issue was "Your Account with our client RESURGENT CAPITAL SERVICES L.P.", but then stated that the account was with "Owner: LVNV Funding, LLC".

8. The letter failed to explain what, if any, the relationship was between Resurgent Capital Services, L.P., and LVNV Funding, LLC, or who the current creditor is. A copy of this letter is attached as Exhibit C.

9. All of Defendant CFG's collection actions at issue in this matter occurred

within one year of the date of this Complaint.

10. Defendant CFG's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692g(a)(2)
## Failure To Identify Effectively The Name Of The Current Creditor

11. Plaintiff adopts and realleges ¶¶ 1-10.

12. Section 1692g of the FDCPA requires that, within 5 days of Defendant CFG's first communication to a consumer, it must provide consumers with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed;", see, 15 U.S.C. § 1692g(a)(2).

13. Defendant CFG's August 23, 2010, form collection letter (Exhibit C), was its first communication with Mr. McNulty; the letter, however, fails to identify effectively the name of the current creditor, and Defendant CFG did not provide that information within five days of this initial communication. Defendant CFG's form collection letter (Exhibit C), thus violates § 1692g(2) of the FDCPA.

14. Defendant CFG's violation of § 1692g of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692e Of The FDCPA --
## False Statement

15. Plaintiff adopts and realleges ¶¶ 1-10.

16. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt. Defendant violated § 1692e of the FDCPA by stating that Mr. McNulty had an

3

account with Resurgent when, in fact, Resurgent Capital owns no accounts: rather, the account was likely actually with its sister company, LVNV Funding.

17. Defendant's violation of § 1692e of the FDCPA renders it liable for statutory damages, costs and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

18. Plaintiff, Kevin L. McNulty, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Illinois from whom Defendant attempted to collect a delinquent consumer debt allegedly owed originally to Citibank, but now allegedly owed to Resurgent Capital and/or LVNV Funding, from one year before the date of this Complaint to the present, via the same form collection letter Defendant CFG sent to Mr. McNulty (Exhibit C). This action seeks a finding that Defendant CFG's form collection letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

19. Defendant CFG regularly engages in debt collection, using the same form collection letter it sent Plaintiff McNulty, in its attempts to collect from other consumers.

20. The Class consists of more than 35 persons from whom Defendant CFG attempted to collect delinquent consumer debts by sending other consumers the same form collection letter it sent Plaintiff McNulty.

21. Plaintiff McNulty's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

22. The prosecution of separate actions by individual members of the Class

would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant CFG has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

23. Plaintiff McNulty will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff McNulty has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Kevin L. McNulty, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff McNulty as Class Representative of the Class, and his attorneys as Class Counsel;

3. Find that Defendant CFG's form collection letter violates the FDCPA;

4. Enter judgment in favor of Plaintiff McNulty and the Class, and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Kevin L. McNulty, individually and on behalf of all others similarly situated, demands trial by jury.

Kevin L. McNulty, individually and on behalf of all others similarly situated,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: November 24, 2010

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com